IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **REECE R. STACK, NATHANIEL L. WHITE, ANTHONY FLUD, and JAMES DOBBS,**<br><br>Plaintiffs,<br><br>v.<br><br>**SAUNDERS COUNTY CORRECTIONS, et al.,**<br><br>Defendants. | 4:11CV3197<br><br><br><br>MEMORANDUM<br>AND ORDER |

Plaintiff Reece R Stack ("Stack") filed his Complaint in this matter on November 14, 2011. (Filing No. 1.) Stack has previously been given leave to proceed in forma pauperis. (Filing No. 15.) Also pending is Stack's Motion to Appoint Counsel. (Filing No. 2.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.    **BACKGROUND**

Stack filed his Complaint on November 14, 2011, against Saunders County Corrections, Advanced Correctional Healthcare and five individuals. (Filing No. 1.) Stack is currently confined in the Nebraska State Penitentiary in Lincoln, Nebraska. (*See* Docket Sheet.)

Stack's Complaint asserts claims on his behalf and claims on behalf of Nathaniel L. White, Anthony Flud and James Dobbs. (Filing No. 1.) Nathaniel L. White, Anthony Flud and James Dobbs have not signed the Complaint, paid the court's filing fee or sought leave to proceed in forma pauperis. (*Id.*; *see also* Docket Sheet.) However, Stack asserts

that he can bring claims on behalf of these other individuals because he has "the power of attorney over this case." (Filing No. 1 at CM/ECF p. 1.) Stack has also filed 23 Supplements or Letters which related to his Complaint. (Filing Nos. 7, 8, 9, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

In order for Stack to proceed with his claims, he must have standing. Standing is a jurisdictional requirement that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), (concluding a non-attorney pro se party may not represent another's interests)

Stack has filed a Complaint that contains claims asserted on behalf of three other individuals. (Filing No. 1.) As discussed above, Stack may not represent others as a non-attorney pro se party. Accordingly, the court will dismiss Nathaniel L. White, Anthony Flud and James Dobbs from this matter.

Separately, Stack has filed 23 Supplements or Letters which correspond to his Complaint. (Filing Nos. 7, 8, 9, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33.) Because these documents may contain additional claims raised on behalf of Nathaniel L. White, Anthony Flud and James Dobbs, the court will order Stack to file an amended complaint that raises claims only on his behalf. Any amended complaint shall restate the allegations of his Complaint (Filing No. 1) and any new allegations, including those raised in his Supplements and Letters. Failure to consolidate

all claims into one document will result in the abandonment of claims. If Stack fails to file an amended complaint, the court will dismiss this matter for failure to prosecute diligently and failure to comply with court orders.

### IV. MOTION TO APPOINT COUNSEL

Also pending is Stack's Motion to Appoint Counsel. (Filing No. 2.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Stack's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiffs Nathaniel L. White, Anthony Flud and James Dobbs are dismissed from this matter;

2. Stack shall have until **March 12, 2012**, to file an amended complaint that raises claims only on his behalf. If Stack fails to file an amended complaint, his Complaint (Filing No. 1) will be dismissed for failure to prosecute diligently and failure to comply with court orders;

3. In the event that Stack files an amended complaint, he shall restate the allegations of his Complaint (Filing No. 1) and any new allegations, including those raised in his Supplements and Letters. Failure to consolidate all claims into one document will result in the abandonment of claims;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **March 12, 2012**; dismiss if not filed; and

5.  Stack's Motion to Appoint Counsel (Filing No. 2) is denied without prejudice to reassertion.

DATED this 13th day of February, 2012.

                BY THE COURT:

                s/Laurie Smith Camp
                Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.