IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REECE R. STACK, NATHANIEL L. WHITE, ANTHONY FLUD, and JAMES DOBBS, | ) ) ) ) | CASE NO. 4:11CV3197 |
| Plaintiffs, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| SAUNDERS COUNTY CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Reece R. Stack's ("Stack") Motion to Amend. (Filing No. 35.) On February 13, 2012, the court conducted an initial review of Stack's Complaint, which asserted claims on behalf of three other individuals. (Filing Nos. 1 and 34.) The court informed Stack that he could not represent others as a non-attorney pro se party and dismissed Nathaniel L. White, Anthony Flud and James Dobbs from this matter. (Filing No. 34 at CM/ECF pp. 3-4.) However, the court permitted Stack to file an amended complaint that raised claims only on his behalf. (*Id*.) In doing so, the court informed Stack that any amended complaint should restate the allegations of his Complaint and any new allegations. (*Id*.) The court warned Stack that failure to consolidate all claims into one document would result in the abandonment of claims.

On March 8, 2012, Stack filed his Motion to Amend Complaint. (Filing No. 35.) Plaintiff's Amended Complaint consists of one page. (*Id*.) In it, Plaintiff states he is filing a negligence complaint against Saunders County Corrections and Advanced Correctional Health Care. (*Id*.)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.

For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Stack does not allege that his citizenship is different from the citizenship of each Defendant, nor has he alleged an amount in controversy. (Filing No. 35.) Thus, Stack has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Nw. S. Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Stack does not set forth any allegations that could be liberally construed to violate a constitutional right or any federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Stack does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Rather, Stack asserts claims, and seeks relief, pursuant to state law, such as claims for negligence. Accordingly, the court lacks subject matter jurisdiction.

However, on the court's own motion, Stack shall have until March 30, 2012, to file a second amended complaint. His second amended complaint shall restate the allegations

of his Amended Complaint (Filing No. 35) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Stack fails to file a second amended complaint, the court will dismiss this matter for failure to prosecute diligently and failure to comply with court orders.

IT IS THEREFORE ORDERED that:

1. Stack's Motion to Amend Complaint (Filing No. 35) is granted;

2. Stack's Amended Complaint fails to state a claim upon which relief may be granted;

3. Stack shall have until **March 30, 2012**, to file a second amended complaint that sufficiently establishes this court's subject matter jurisdiction. If Stack fails to file a second amended complaint, this matter will be dismissed for failure to prosecute diligently and failure to comply with court orders;

4. In the event that Stack files a second amended complaint, he shall restate the allegations of his amended complaint (Filing No. 35) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims; and

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **March 30, 2012**; dismiss if not filed.

DATED this 15th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.