## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **REECE R. STACK,** ) | **CASE NO. 4:11CV3197** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **SAUNDERS COUNTY** ) | |
| **CORRECTIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on its own motion. On February 13, 2012, the court conducted an initial review of Stack's Complaint, which asserted claims on behalf of three other individuals. (Filing Nos. 1 and 34.) The court informed Stack that he could not represent others as a non-attorney pro se party and dismissed Nathaniel L. White, Anthony Flud, and James Dobbs from this matter. (Filing No. 34 at CM/ECF pp. 3-4.) However, the court permitted Stack to file an amended complaint that raised claims only on his behalf. (*Id*.) In doing so, the court informed Stack that any amended complaint should restate the allegations of his Complaint and any new allegations. (*Id*.)

On March 8, 2012, Stack filed a one-page Motion to Amend Complaint. (Filing No. 35.) In it, Stack stated that he was filing a negligence complaint against Saunders County Corrections and Advanced Correctional Health Care. (*Id*.) On initial review, the court concluded that Stack was seeking relief pursuant to state law and that the court lacked subject matter jurisdiction over his claims. (Filing No. 36.) However, the court granted Stack an opportunity file a second amended complaint that sufficiently established this court's subject matter jurisdiction. (*Id*. at CM/ECF pp. 2-3.)

On June 5, 2012, Stack filed a Second Amended Complaint against Saunders County Corrections, Advanced Healthcare, Saunders County Director Ben Styskal ("Styskal"), Saunders County Deputy Director W.H. Muholland ("Muholland"), Officer Gerrish and Mallory Reeves. (Filing No. 41.) Stack sues the individual Defendants in both their official and individual capacities. (*Id*. at CM/ECF p. 1-2.)

In this Second Amended Complaint, Stack alleges that staff at the Saunders County Jail gave him medication prescribed to another inmate, Jim Vance ("Vance"). (*Id*. at CM/ECF pp. 2-3.) Stack informed officer "A. Mendoza" about this issue and also contacted the Ombudsman. (*Id*. at CM/ECF p. 3.) However, Stack's medication was not "fix[ed]," and his mental health got "so bad" that he broke "apart the jail and was sent to the hole." (*Id*. at CM/ECF pp. 3-4.) While he was being cuffed Corproal Milliman ("Milliman") pinched Stack's arm "so hard that it left bruises." (*Id*. at CM/ECF p. 3.) Stack sent kites to Styskal and Muholland informing them about the medication issue and Milliman's "assault," but "nothing was ever done." (*Id*. at CM/ECF p. 4.) Stack asks the court to declare Defendants' acts unconstitutional, award damages in the amount of $500,000, and order additional relief the court deems just and proper. (*Id*. at CM/ECF p. 5.)

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## II.   DISCUSSION OF CLAIMS

### A.   Sufficiency of Allegations

Stack's Second Amended Complaint names Advanced Healthcare, Mallory Reeves and Officer Gerrish. However, Stack has failed to allege that any of these Defendants were personally involved in or directly responsible for the conduct leading to his claims. (*See* Filing No. 41 at CM/ECF pp. 1-6.) Consequently, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against Advanced Healthcare, Mallory Reeves, and Officer Gerrish. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999), (concluding that a complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see also Ashcroft*, 129 S. Ct. at 1950, (stating that a plaintiff must plead

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

  *B. Claims Against Saunders County Corrections and Claims Against Styskal and Muholland in Their Official Capacities*

Stack also names "Saunders County Corrections" as a Defendant in this matter. (Filing No. 41 at CM/ECF p. 1.) The court liberally construes claims against Saunders County Corrections as claims against Saunders County, Nebraska. Moreover, Stack's claims against Styskal and Muholland, in their official capacities, are actually claims against their employer, Saunders County, Nebraska. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992), ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996), ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Accordingly, the court will also treat Stack's claims against Styskal and Muholland in their official capacities as claims against Saunders County, Nebraska.

As a municipal defendant, Saunders County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998), (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By &*

4

*Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990), (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Stack does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Saunders County employees. In addition, Stack does not allege that an unconstitutional custom was the moving force behind his injures. Thus, Stack has failed to allege sufficient facts to "nudge" his claims against Saunders County across the line from conceivable to plausible under the *Jane Doe* standard.

    C. *Denial of Medical Treatment*

The court liberally construes Stack's Second Amended Complaint to allege an Eighth Amendment medical claim against Styskal and Muholland in their individual capacities. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs.

5

*Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-04).

For the purposes of this Memorandum and Order the court assumes, without deciding, that Stack's need for medication is a serious medical need. Stack alleges staff at the Saunders County Jail gave him medication prescribed to another inmate and failed to provide him with his prescribed medication. (Filing No. 41 at CM/ECF pp. 2-3.) As a result, Stack's mental health got "so bad" that he broke "apart the jail and was sent to the hole." (*Id.*) Stack sent kites to Styskal and Muholland informing them about the medication issue, but "nothing was ever done." (*Id.* at CM/ECF p. 4.) Liberally construed, these allegations are sufficient to "nudge" his Eighth Amendment medical claims against Styskal and Muholland in their individual capacities across the line from "conceivable to plausible." However, the court cautions Stack that this is only a preliminary determination based on the allegations of the Second Amended Complaint and is not a determination of the merits of Stack's claims or potential defenses thereto.

  D. *Excessive Force*

In addition to his Eighth Amendment medical claim, the court liberally construes Stack's Second Amended Complaint to allege an Eighth Amendment excessive force claim. "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to

6

establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010), (internal quotations omitted). However, "'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *Id*. (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy,* 130 S.Ct. 1177-78 (2010), ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins,* 130 S.Ct. at 1180.

Here, Stack alleges that, while he was being handcuffed, Milliman pinched his arm "so hard that it left bruises." (Filing No. 41 at CM/ECF p. 1.) Stack sent kites informing Styskal and Muholland and Milliman's "assault," but "nothing was ever done." (*Id*. at CM/ECF p. 4.) These allegations do not allow the court to reasonably infer that Milliman maliciously and sadistically pinched Stack's arm with intent to injure him. *See, e.g., Stepnes v. Ritschel*, 663 F.3d 952, 961 (8th Cir. 2011), (stating that "[f]or the application of handcuffs to amount to excessive force, there must be something beyond minor injuries"). Indeed, Stack did not even name Milliman as a Defendant in this matter. Stack has failed to state an Eighth Amendment excessive force claim upon which relief may be granted.

E. *State Law Claims*

Stack may also have claims for violations of state law against Styskal and Muholland, such as negligence. Because the court is permitting Stack's Eighth Amendment medical claims against Styskal and Muholland in their individual capacities to proceed, it will also permit Stack's state law claims against Styskal and Muholland to proceed.

IT IS THEREFORE ORDERED that:

1. Stack's claims against Saunders County Corrections, Advanced Healthcare, Officer Garrish and Mallory Reeves are dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Stack's claims against Styskal and Muholland in their official capacities are dismissed without prejudice for failure to state a claim upon which relief may be granted;

3. Stack's Eighth Amendment medical claims and state law claims against Styskal and Muholland in their individual capacities may proceed;

4. To obtain service of process on Defendants, Stack must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms (for service on Styskal and Muholland in their individual capacities only) to Stack together with a copy of this Memorandum and Order. Stack shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Stack does not need to do so;

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Stack is informed for the first time of these requirements, Stack is granted, on the

      court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

7.     Stack is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

8.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 12, 2012**: Check for completion of service of summons;" and

9.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Stack shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 14th day of August, 2012.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.