# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **REECE R. STACK,** ) | **CASE NO. 4:11CV3197** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **BEN STYSKAL, in his individual** ) | |
| **capacity, and W.H. MUHOLLAND, in** ) | |
| **his individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on several Motions filed by the parties. (Filing Nos. 50, 54, 58, 61, 65, 66, 68 and 69.) The court will address Defendant W.H. Muholland's ("Muholland") Motion to Dismiss (Filing No. 54) first and then turn to the parties' other motions.

**I.      Muholland's Motion to Dismiss**

On October 4, 2012, Muholland filed a Motion to Dismiss Plaintiff's Second Amended Complaint along with a Brief in Support.[1] (Filing Nos. 54 and 55.) In his Brief, Muholland argues that Plaintiff's claims against him should be dismissed because he was not served within 120 days of Plaintiff's filing of his original complaint. (Filing No. 55 at CM/ECF pp. 1-2.) In filing this motion, however, Muholland ignored the court's August 14, 2012, Memorandum and Order, which provided Plaintiff with 120 days, or until December 12, 2012, to complete service of process. (Filing No. 43 at CM/ECF pp. 8-9.) Accordingly, Muholland's motion is denied as because it was filed prematurely.

---

[1] Muholland has filed a special appearance for the sole purpose of contesting service. (Filing No. 53.)

## II. Plaintiff's Motion to Amend & Motion to Grant Second Amended Complaint

In response to Muholland's Motion to Dismiss, Plaintiff filed a Motion for Leave to file an amended complaint and a "Motion to Grant Second Amended Complaint." (Filing Nos. 58 and 61.) In these Motions, Plaintiff argues that he properly served Muholland and that Defendants failed to follow the court's deadlines. (Filing No. 61.) Although the court agrees that Defendant Muholland ignored the court's service of process deadline, the record does not show that Muholland has been served. Indeed, attached to Plaintiff's "Motion to Grant Second Amended Complaint" were two service of process receipts. (*Id*. at CM/ECF pp. 3-4.) These forms show that service of process was executed upon two Defendants previously dismissed from this matter (Advanced Medical Healthcare and Saunders County Corrections) instead of Muholland. (*Id*.; *see also* Filing No. 43.)

Separately, Plaintiff has filed a document entitled "Documented Evidence for 4:11-cv-3192." (Filing No. 59) and a document entitled "(Documentary Evidence) Third Amended Complaint" (Filing No. 63.)

The court has carefully reviewed Plaintiff's pleadings. When liberally construed, these pleadings show that Plaintiff is confused as to why Muholland filed a Motion to Dismiss before the court's service of process deadline. Plaintiff also seems to believe that he has already properly served Muholland. Moreover, Plaintiff has failed to clearly explain whether he wants to file a third amended complaint or whether he is just filing evidence to support his current claims.[2] Accordingly, the court will deny Plaintiff's Motion for Leave to

---

[2]If Plaintiff seeks to file a third amended complaint, he must file a motion requesting leave from the court to do so. Such a motion should clearly explain why he is entitled to file a third amended complaint and the proposed amended pleading should be attached. *See* Fed. R. Civ. P. 15(a)(2); NECivR 15.1.

file a third amended complaint (Filing No. 58.) and his "Motion to Grant Second Amended Complaint" (Filing No. 61).

However, on the court's own motion, Plaintiff shall have until March 25, 2013, to serve Muholland in his individual capacity. If Plaintiff fails to serve Muholland in his individual capacity by March 25, 2013, his claims against Muholland will be dismissed without further notice.

### III.     Plaintiff's Discovery Motions

Also pending are two Discovery Motions filed by Plaintiff. (Filing Nos. 65 and 68.) In these Motions, Plaintiff asks the court allow certain camera footage into evidence. (*Id*.) However, because service of process issues still remain, this court has yet to permit discovery in this matter. Accordingly, Plaintiff's Discovery Motions will be denied as premature.

IT IS THEREFORE ORDERED that:

1. Muholland's Motion to Dismiss Plaintiff's Second Amended Complaint (Filing No. 54) is denied as premature;

2. Plaintiff's Motion for Leave to file a third amended complaint (Filing No. 58) and his "Motion to Grant Second Amended Complaint" (Filing No. 61) are denied;

3. Plaintiff shall have until March 25, 2013, to serve Muholland in his individual capacity. If Plaintiff fails to serve Muholland in his individual capacity by March 25, 2013, his claims against Muholland will be dismissed without further notice;

4. To obtain service of process on Muholland, Plaintiff must complete and return the summons forms, which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons forms and ONE (1) USM-285 forms (for service on Muholland in his individual capacity only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the

        Clerk of the court. In the absence of the forms, service of process cannot occur;

5.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "March 25, 2013: Check for completion of service of summons upon Muholland;"

6.     Plaintiff's Discovery Motions (Filing Nos. 65 and 68) are denied as premature; and

7.     Because this Memorandum and Order updates the parties regarding the status of this case, Plaintiff's Motions for Status (Filing Nos. 50, 66 and 69) are denied as moot.

DATED this 11th day of February, 2013.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.