IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **REECE R. STACK,** | ) | **CASE NO. 4:11CV3197** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **BEN STYSKAL, in his individual** | ) | |
| **capacity, and W.H. MUHOLLAND, in** | ) | |
| **his individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on several Motions. (Filing Nos. 70, 74, 80, 85, 87, 88, 90, 91 and 93.) The court will briefly discuss the background of this case, address Defendants' Motion for Summary Judgment, and then turn to the parties' other motions.

## I. BACKGROUND

On August 14, 2012, the court permitted Plaintiff's Eighth Amendment medical and state law claims against W.H. Mulholland[1] ("Mulholland") and Ben Styskal ("Styskal") in their individual capacities to proceed to service. (Filing No. 43 at CM/ECF p. 8.)

On October 4, 2012, Mulholland made a special appearance to file a Motion to Dismiss Plaintiff's Second Amended Complaint on the basis of insufficient service of process. (Filing Nos. 54 and 53.) In his Brief, Mulholland argued that Plaintiff's claims against him should be dismissed because he was not served within 120 days of Plaintiff's filing of his original complaint. (Filing No. 55 at CM/ECF pp. 1-2.) In filing this Motion, however, Mulholland ignored the court's August 14, 2012, Memorandum and Order, which provided Plaintiff with 120 days, or until December 12, 2012, to complete service of process. (Filing No. 43 at CM/ECF pp. 8-9.)

---

[1] Plaintiff erroneously spelled Mulholland as "Muholland." (*See* Filing Nos. 1 and 72.) The court will use the correct spelling of Defendant Mulholland's name.

On February 11, 2013, the court denied Defendant Mulholland's Motion to Dismiss. (Filing No. 71.) In doing so, the court gave Plaintiff until March 25, 2013, to serve Mulholland in his individual capacity. (Id. at CM/ECF p. 3.) The court also ruled on two discovery motions filed by Plaintiff. (Id.) In these Motions, Plaintiff asked the court to permit certain camera footage into evidence. (Filing Nos. 65 and 68.) Because service of process issues remained, and because the court had not yet permitted discovery, the court denied Plaintiff's discovery motions as premature. (Filing No. 71.)

Four days after the court issued its February 11, 2013, Memorandum and Order, Mulholland entered a voluntary appearance (Filing No. 72) and Defendants filed a Motion for Summary Judgment. (Filing No. 74.) Plaintiff filed a timely Response to Defendants' Motion for Summary Judgment (Filing No. 83) and Defendants filed a Reply Brief (Filing No. 84). Thereafter, Plaintiff filed two additional Responses to Defendants' Motion for Summary Judgment. (Filing Nos. 89 and 92.) Defendants have filed Objections to these additional responses. (Filing Nos. 90 and 93.)

## II. MOTIONS

### A. Motion for Summary Judgment

In their Motion for Summary Judgment Brief, Defendants argue, among other things, that they are entitled to qualified immunity on grounds that their actions did not violate Plaintiff's Eighth Amendment rights. (Filing No. 76.) As part of this argument, Defendants state that "[t]here are simply no facts in the record" to support Plaintiff's claims, "[t]here is no showing in the record that Styskal's personal actions . . . [were] unreasonable," there is "no evidence that Styskal personally engaged in any negligence," and "[t]here is simply

no evidence that could be produced to even suggest that Mulholland had the requisite knowledge to be personally liable." (*Id*. at CM/ECF pp. 16, 18, 19, and 21.) Stated another way, Defendants' Motion relies upon the argument that Plaintiff lacks evidence to support his claims. However, because of the timing of Defendants' Motion for Summary Judgment, Plaintiff has not had the opportunity to engage in discovery and obtain evidence to support his claims.

"As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012). As discussed above, and on February 11, 2013, the court denied Plaintiff's discovery Motions as premature because it had not yet permitted discovery in this matter. (Filing No. 71 at CM/ECF p. 3.) Given the lack of an opportunity for discovery, Plaintiff's pro se status, and Defendants' filing of a Summary Judgment Motion only four days after the court denied Plaintiff's premature discovery motions, the court will deny Defendants' Motion for Summary Judgment without prejudice to reassertion in accordance with the progression deadlines set forth in this Memorandum and Order. Defendants' Objections to Plaintiff's Responses to their Motion for Summary Judgment (Filing Nos. 90 and 93) are denied as moot.

**B. Motion to Amend Answer**

On February 2, 2013, Defendant Styskal filed a Motion for Leave to file an Amended Answer to Plaintiff's Second Amended Complaint. (Filing No. 70.) In the Motion, Styskal seeks to add a defense: that Plaintiff failed to file his negligence claim in accordance with the one-year time period of the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-

901-28. (*Id*.) Although Plaintiff has not specifically responded to Styskal's Motion, Styskal's counsel believes that Plaintiff opposes the Motion. (*Id*.)

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments to pleadings should be allowed with liberality in the absence of circumstances such as 'undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Klipsch, Inc. v. WWR Technology, Inc.*, 127 F.3d 729, 732-33 (8th Cir. 1997), (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), (noting that "only limited circumstances justify a court's refusal to grant leave to amend pleadings").

Here, Defendant Styskal's counsel states that, due to an inadvertent oversight in reviewing Plaintiff's filings, the specifics of the additional defense were not in the original answer. (Filing No. 70.) Styskal argues that Plaintiff cannot be prejudiced by the addition because even if Styskal had included the defense in his original answer, the one-year time period for Plaintiff to file a tort claim had already expired. (*Id*.) After carefully considering Styskal's arguments, the court will grant his Motion for Leave to file an Amended Answer to Plaintiff's Second Amended Complaint.

**C.    Motion to Appoint Counsel**

Plaintiff has filed two Motions for Appointment of Counsel. (Filing Nos. 80 and 91.) In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to

4

appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Accordingly, Plaintiff's Motions for Appointment of Counsel are denied without prejudice.

**D.     Motion for Subpoenas**

Plaintiff has filed a Motion for Subpoenas. (Filing No. 87.) In his Motion, Plaintiff asks the court for 10 forms to summon witnesses for his "future trial date." (*Id*.) Because this matter has not been scheduled for trial, this Motion is premature. (*See* Docket Sheet.) Moreover, Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976), ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). To the extent that Plaintiff seeks copies of forms, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies of those forms. Plaintiff's Motion for Subpoenas is denied.

**E.     Motions for Status**

Also pending are Plaintiff's Motions for Status. (Filing Nos. 85 and 88.) In these Motions, Plaintiff asks the court if his case has been "thrown out" and to bring him "up to date." (Filing No. 85 at CM/ECF p.1; Filing No. 88 at CM/ECF p. 2.) Plaintiff's Motions for

Status are granted to the extent this Memorandum and Order informs him of the status of his case. Accordingly,

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Filing No. 74) is denied without prejudice to reassertion in accordance with the progression deadlines set forth in this Memorandum and Order;

2. Defendants' Objections to Plaintiff's Responses to their Motion for Summary Judgment (Filing Nos. 90 and 93) are denied as moot;

3. Defendants' Motion for Leave to file an Amended Answer to Plaintiff's Second Amended Complaint (Filing No. 70) is granted. The Clerk of the court is directed to file Styskal's attached Amended Answer (Filing No. 70-1);

4. Plaintiff's Motions for Appointment of Counsel (Filing Nos. 80 and 91) and Motion for Subpoenas (Filing No. 87) are denied;

5. Plaintiff's Motions for Status (Filing Nos. 85 and 88) are granted;

6. Deposition and discovery deadline. All depositions, whether or not they are intended to be used at trial, shall be completed by **September 3, 2013**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served on or before **July 25, 2013**;

7. Motions to compel discovery shall be filed on or before **September 3, 2013**. The parties must comply with the provisions of NECivR 7.1 before filing a motion to compel;

8. Dispositive Motions. All dispositive motions shall be filed on or before **October 3, 2013**. The parties must comply with the provisions of NECivR 7.1 and NECivR 56.1 when filing summary judgment motions.

9. Pretrial Conference.

    a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **December 30, 2013**. The plaintiff shall

       provide additions and/or proposed deletions to Defense counsel by **January 13, 2014**. Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **January 27, 2014**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

    b.    The Final Pretrial Conference will be held before the Magistrate Judge on **February 6, 2014, at 10:00 a.m.** Prior to the pretrial conference, all items as directed in [NECivR 16.2](#) and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

    c.    If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call;

10.    The trial date will be set by the Magistrate Judge at the time of the Final Pretrial Conference and

11.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Cheryl Zwart to be held on February 6, 2014.

DATED this 10th day of July, 2013.

                BY THE COURT:

                s/Laurie Smith Camp
                Chief United States District Judge

---

    \*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.