# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **REECE R. STACK,** | ) | **CASE NO. 4:11CV3197** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **BEN STYSKAL, in his individual** | ) | |
| **capacity, and W.H. MUHOLLAND, in** | ) | |
| **his individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on several Motions filed by the parties. (Filing Nos. 96, 97, 98, 99, 100, 101, 102, and 107.) The court will address each Motion below.

**I.   Defendants' Motion for Protective Order**

On July 17, 2013, Plaintiff filed five Motions. (Filing Nos. 96, 97, 98, 99, and 100.) Five days later, Plaintiff filed an additional Motion. (Filing No. 101.) In response, Defendants filed a Motion for Protective Order along with a Brief in Support. (Filing Nos. 102 and 103.) In the Brief, Defendants ask the court to limit discovery in this matter to the issue of qualified immunity because they have raised qualified immunity as a defense and because the court has already dismissed several of Plaintiff's claims.[1] (*See* Filing Nos. 43, 73, 95, and 103.) Plaintiff filed a Response, arguing that he should not be limited in his discovery efforts. (*See* Filing No. 104 at CM/ECF p. 9.) In essence, Plaintiff believes he should have the freedom to address or cover . . . any issues . . . asserted in his Second

---

[1]On August 14, 2012, the court dismissed Plaintiff's claims against Saunders County Corrections, Advanced Healthcare, Officer Garrish, and Mallory Reeves. (Filing No. 43 at CM/ECF p. 8.) The court also dismissed Plaintiff's claims against Ben Styskal and W. H. Muholland in their official capacities. (*Id*.) The only claims remaining in this matter are Plaintiff's Eighth Amendment medical claims against Styskal and Muholland, in their individual capacities, and Plaintiff's state law claims against Styskal and Muholland. (*Id*.)

Amended Complaint." (*Id*.) For the reasons discussed below, the court disagrees with Plaintiff.

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, including discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See *Ballard v. Heineman*, 548 F.3d 1132, 1136–37 (8th Cir. 2008).

In some cases where a defendant has filed a summary judgment motion based on qualified immunity, courts may allow limited discovery on the issue of qualified immunity. *See Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 2008). However, in order to support a request for limited discovery on the issue of qualified immunity, Plaintiff must indicate that he "cannot present facts essential to justify [his] opposition" to Defendants' Summary Judgment Motion. Fed. R. Civ. P. 56(d); *see also Ballard*, 548 F.3d at 1137.

The court has carefully reviewed the pleadings in this matter. As discussed above, the only claims remaining in this matter are Plaintiff's Eighth Amendment medical claims against Styskal and Muholland, in their individual capacities, and Plaintiff's state law claims against Styskal and Muholland. Defendants have asserted qualified immunity as a defense to these claims. In light of this, the court finds that Plaintiff should not have "the freedom to address or cover . . . any issues . . . asserted in his Second Amended Complaint." (*See* Filing No. 104 at CM/ECF p. 9.) The court will limit discovery in this matter to the issue of qualified immunity only. Defendants' Motion for Protective Order

2

(Filing No. 102) is granted to the extent it requests such a limitation and is otherwise denied.

## II. Plaintiff's Discovery Motions

Plaintiff has filed a Motion for Discovery of Camera Footage. (Filing No. 96.) In this Motion, Plaintiff requests (1) "camera footage from G-unit" where Officer Gerrish assaulted Mr. Flud, (2) camera footage from a booking cell where he was assaulted by Milliman, (3) camera footage of "going to court [with five] officers in riot gear," (4) copies of his inventory booking sheet, and (6) any evidence "Defendants got." (*Id*. at CM/ECF p. 1.)

Liberally construed, Plaintiff asks the court to compel Defendants to produce the items listed above. However, "this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(i). Plaintiff's Motion does not show that he personally consulted with the opposing parties. Moreover, the court has limited discovery in this matter. Plaintiff is warned that if he files a motion to compel, or a motion related to discovery matters that do not relate to his claims, he could be subject to sanctions, including dismissal of this matter. Plaintiff's Motion for Discovery of Camera Footage is therefore denied.

Also pending is Plaintiff's Motion for Non Inmate Subpoenas (Filing No. 98) and Motion for Subpoenas and Additional Evidence (Filing No. 101). In these Motions, Plaintiff asks the court for forms to subpoena third-party witnesses. The court will grant these Motions. However, Plaintiff is advised that if he chooses to serve a subpoena, he is required to comply with the Federal Rules of Civil Procedure, the court's local rules, and the court's Memoranda and Orders in this matter.

### III. Motion for Writ of Habeas Corpus Ad Testificandum

Plaintiff has filed a "Motion for Writ of Habeas Corpus ad Testificandum." (Filing No. 99.) In his Motion, Plaintiff lists a number of inmates that may have testimony to support his claims. (*Id*.) He asks the court to "place this said document in said case." (*Id*.) Overall, it is unclear what relief Plaintiff is requesting in his motion. To the extent Plaintiff desires to file his Motion as a supplemental document in support of his case, his Motion is granted. To the extent Plaintiff seeks some other form of relief, his motion is denied.

### IV. Motion for Extension of Time

Pending before the court is Plaintiff's Motion for Extension of Time for Requests and Interrogatories. (Filing No. 97.) Liberally construed, Plaintiff requests an extension of time to serve interrogatories. (*Id*.) The court will grant Plaintiff's Motion and extend the progression order deadlines in this matter below.

### V. Plaintiff' Motion for Copies

Plaintiff has filed a Motion for Copies. (Filing No. 100.) In his Motion, Plaintiff states he sent two inventory booking sheets to the undersigned judge. (*Id*.) He asks the court to send him a copy of the booking sheets and to let him know the cost. (*Id*.) If Plaintiff seeks copies of documents filed with the court he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Thus, Plaintiff's Motion for Copies is denied.

### VI. Motion in Opposition to Defendants' Motion for Summary Judgment

Also pending is Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment. (Filing No. 107.) The court denied Defendants' Motion for Summary Judgment

as premature on July 10, 2013. (*See* Filing No. 94 at CM/ECF pp. 1-3, 6.) Thus, Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment is denied as moot.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Protective Order (Filing No. 102) is granted to the extent it requests a limitation on discovery, as set forth in this Memorandum and Order, and is otherwise denied.

2. Plaintiff's Motion for Discovery of Camera Footage (Filing No. 96) is denied.

3. Plaintiff's Motion for Non Inmate Subpoenas (Filing No. 98) and Motion for Subpoenas and Additional Evidence (Filing No. 101) are granted.

4. The Clerk of the court is directed to send Plaintiff Form AO 88B.

5. Plaintiff's Motion for Writ of Habeas Corpus ad Testificandum (Filing No. 99) is granted in part and denied in part in accordance with this Memorandum and Order.

6. Plaintiff's Motion for Copies (Filing No. 100) is denied;

7. Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment (Filing No. 107) is denied as moot;

8. Deposition and discovery deadline. All depositions, whether or not they are intended to be used at trial, shall be completed by **December 4, 2013**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served on or before **October 4, 2013**;

9. Motions to compel discovery shall be filed on or before **December 4, 2013**. The parties must comply with the provisions of NECivR 7.1 before filing a motion to compel;

10. Dispositive Motions. All dispositive motions shall be filed on or before **December 4, 2013**. The parties must comply with the provisions of NECivR 7.1 and NECivR 56.1 when filing summary judgment motions;

11. Pretrial Conference.

    a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final

5

      version of the Order. The Order should be submitted to the plaintiff and to any other parties by **February 4, 2014**. The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **February 18, 2014**. Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **March 4, 2014**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

    b.    The Final Pretrial Conference will be held before the Magistrate Judge on **March 13, 2014, at 10:00 a.m.** Prior to the pretrial conference, all items as directed in [NECivR 16.2](#) and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

    c.    If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call;

12.    The trial date will be set by the Magistrate Judge at the time of the Final Pretrial Conference; and

13.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Cheryl Zwart to be held on March 13, 2014.

DATED this 12th day of September, 2013.

                            BY THE COURT:

                            s/Laurie Smith Camp
                            Chief United States District Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.